UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LATOYA T. STACKHOUSE,

                                         Plaintiff,

                                                                    DECISION AND ORDER

                                                                    12-CV-6474L

                        v.

CAROLYN W. COLVIN, Acting Commissioner
Of Social Security,[1]

                                         Defendant.
_____


         Plaintiff appeals from a denial of supplemental security income and disability insurance

benefits by the Commissioner of Social Security ("the Commissioner").  The action is one brought

pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner.

         On February 8 and February 13, 2009, plaintiff filed applications for disability insurance

and supplemental security income benefits under Title II of the Social Security Act, alleging a

disability onset date of May 6, 2002.  Her applications were initially denied.  (Administrative

Transcript ("T.") at 11).  Plaintiff requested a hearing, which was held on August 2, 2010 via

---

[1] Plaintiff's complaint names former Commissioner of Social Security Michael J. Astrue as the defendant. Carolyn W. Colvin, the current Acting Commissioner, automatically is substituted as the defendant pursuant to FED. R. CIV. P. 25(d)(1).

videoconference before Administrative Law Judge ("ALJ") Barry Peffley.  (T. 27-62).  Following

the hearing, the ALJ issued a decision on September 23, 2010, that plaintiff was not disabled under

the Social Security Act.  *Id.*  That decision became the final decision of the Commissioner when the

Appeals Council denied review on July 13, 2012 (T. 1-3).

Plaintiff has moved (Dkt. #9) for judgment on the pleadings pursuant to Fed. R. Civ. Proc.

12(c), requesting remand of the matter for additional development of the record.  The Commissioner

has cross moved (Dkt. #10) pursuant to Fed. R. Civ. Proc. 12(c) for judgment on the pleadings

affirming the decision-appealed-from.  For the reasons that follow, the Commissioner's motion is

denied, plaintiff's motion is granted, and the matter is remanded for further proceedings.

**DISCUSSION**

**I.      Standard of Review**

To determine whether a claimant is disabled within the meaning of the Social Security Act,

the ALJ proceeds through a five-step sequential evaluation.  *See Bowen v. City of New York*, 476

U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in

substantial gainful work activity.  *See* 20 CFR §404.1520(b).  If so, the claimant is not disabled.  If

not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or

combination of impairments, that is "severe," e.g., that imposes significant restrictions on the

claimant's ability to perform basic work activities.  20 CFR §404.1520(c).  If not, the analysis

concludes with a finding of "not disabled."  If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the

criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.  If the claimant's

impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis notwithstanding limitations for the claimant's collective impairments.  *See* 20 CFR §404.1520(e), (f).  Then, the ALJ determines whether the claimant's RFC permits him to perform the requirements of his past relevant work.  If so, the claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), *quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991).  Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997).  Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).  "Where the

Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

## II.   Issues on Appeal

ALJ Peffley's decision stated the findings supporting his decision in great detail, and followed the required five-step analysis carefully and accurately.  However, upon review, I find that the record upon which his decision was based is incomplete and inadequate, and as such, the matter must be remanded for the purpose of gathering additional medical records and reports.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."  *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).  *See also Burger v. Astrue*, 2008 U.S. App. LEXIS 13638 at *4 (2d Cir. 2008).

The record in this case is decidedly sparse.  Initially, there is no "acceptable medical source" with whom plaintiff treated for any of her allegedly disabling psychological and psychiatric conditions.  To the extent that plaintiff did have a longstanding treatment relationship with licensed social worker Barbara Shapiro ("Shapiro"), an "other source" that the ALJ apparently considered, the record contains no psychiatric RFC questionnaire from Shapiro assessing plaintiff's non-exertional limitations.  While the ALJ described Shapiro's records as expressing Shapiro's apparent optimism that plaintiff might someday return to work, it is manifest from the face of those records that Shapiro was merely parroting plaintiff's own aspirations and future goals for her treatment, and not rendering an objective professional assessment of plaintiff's contemporaneous mental functioning or ability.  *See e.g.*, T. 539 ("[w]e discussed what her career goals might be and she said she wants to be an accountant").

The record contains only one psychiatric RFC questionnaire from any of the individuals who treated plaintiff.  That questionnaire, completed by licensed social worker Vincent Bosso ("Bosso"), with whom plaintiff began treating biweekly on December 11, 2008, opined that plaintiff was incapable of working with or in proximity to others, responding to changes or stress, or maintaining a routine consistent with the demands of full-time employment.  (T. 580-584).

Acknowledging Bosso's July 12, 2010 report, the ALJ nonetheless opted to reject Bosso's opinion, largely because it conflicted with the opinion of Dr. R. Altmansberger, a consulting psychiatrist who had evaluated some of plaintiff's medical records on May 18, 2009 in connection with a state disability benefits application (T. 491-493), and concluded that plaintiff had no more than moderate limitations in any functional category, and was therefore not disabled.  *Id*.

However, as plaintiff points out, Dr. Altmansberger did not have the benefit of reviewing plaintiff's complete records from Catholic Family Medical Center, which contain not only medical records and opinions relative to her diagnosis of bipolar disorder (the only diagnoses Dr. Altmansberger identified), but also post-traumatic stress disorder, panic attacks, a learning disorder, personality disorder and agoraphobia.  Given the incompleteness of the record before him, Dr. Altmansberger cited only three treatment notes, dated between January 2009 and May 2009, in support of his conclusion that plaintiff has no marked psychiatric limitations.  In fact, so great was the dearth of medical records that Dr. Altmansberger observed that plaintiff had no "documented [longitudinal history] of chronic mental illness," and was reduced to basing his conclusions on trivial, anecdotal observations from treatment notes, such as the fact that plaintiff was "artistic and made note cards," and was reported to have been "neatly dressed" and "smiled several times" during one particular session.  (T. 493).

Dr. Altmansberger's opinion was the only one which the ALJ afforded "great weight," and it was used as the primary basis for the ALJ's RFC finding, as well as his justification for rejecting the lone RFC assessment by a treating source (albeit an "other source" not automatically entitled to deference). Because Dr. Altmansberger's opinion was itself based upon an incomplete and insufficient record, the ALJ's decision cannot be said to rest upon substantial evidence. At the very least, the ALJ "should have sought a conclusive determination from a medical consultant" who was able to evaluate the plaintiff's entire medical record, given the absence of other evidence in the record by treating or examining sources specific to plaintiff's non-exertional limitations. *Falcon v. Apfel*, 88 F. Supp. 2d 87, 90 (W.D.N.Y. 2000). *See generally* 20 C.F.R. §404.1519a(b)(4) (an ALJ must order a consultative examination when a "conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved"). Failure to obtain a valid consultative examination when necessary is reversible error. *Falcon*, 88 F. Supp. 2d 87 at 90.

Based on the foregoing, I believe the ALJ failed to adequately develop the record, and that the matter must be remanded for further proceedings.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings (Dkt. #9) is granted, and the Commissioner's cross-motion (Dkt. #10) is denied.

The Commissioner's decision that plaintiff, Latoya Stackhouse, was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the Commissioner is instructed to request RFC reports and updated treatment records from all of plaintiff's treating sources with regard to her non-exertional (psychiatric) limitations, to order consultative

examinations and obtain additional records as appropriate, and to redetermine plaintiff's disability status upon a full and complete record.

      IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 3, 2014.